Rebekah Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
(973) 400-4181
rconroy@stoneconroy.com

*Of Counsel:*
Susan J. Kohlmann
Gianni P. Servodidio
Cayman C. Mitchell
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
Fax: (212) 891-1699
skohlmann@jenner.com
gservodidio@jenner.com
cmitchell@jenner.com

*Attorneys for Plaintiff*
*The Hain Celestial Group, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HAIN CELESTIAL GROUP, INC., | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| EARTHLY TREATS, INC. d/b/a OUR HOME, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff The Hain Celestial Group, Inc. ("Plaintiff" or "Hain"), by and through its counsel, brings this action against Defendant Earthly Treats, Inc. d/b/a Our Home ("Defendant" or "Our Home"), which on information and belief has a principal place of business at 712A Main Street, Boonton, New Jersey 07005. In support of this action, Hain alleges as follows:

## PRELIMINARY STATEMENT

1. Hain brings this action to protect the name, reputation and brand integrity of its popular GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ line of snacks.

2. Defendant is a direct competitor of Hain. Despite years of using distinct packaging for its products, Defendant recently has changed course and pursued a calculated business strategy to knock-off Hain's trademarks and packaging designs in an escalating pattern of infringement intended to mislead consumers and trade on Hain's reputation and goodwill.

3. Defendant's strategy became apparent earlier this year when Hain learned that Defendant had redesigned the packaging for one of its competing products to mimic the look and feel of Hain's well-known trade dress for its GARDEN VEGGIE STRAWS® snacks. Side by side below are Hain's iconic GARDEN VEGGIE STRAWS® on the left, and Our Home's first accused product on the right.

1

 

4.      When Hain objected to this packaging, Defendant purported to disavow infringement and affirmatively represented to Hain that it "does not use the term GARDEN VEGGIE STRAWS."

5.      That assurance proved to be false. On information and belief, Defendant already had developed and planned the release of new product line using a replica of Hain's GARDEN VEGGIE STRAWS® mark.

6.      Defendant's new "Organic Garden Veggie Straws" product is a flagrant infringement of Hain's identical mark and mimics the design of Hain's packaging for Hain's "Organic Garden Veggie Straws" for kids ages 2 and up.  Defendant's product is sold in the same stores to the same consumers as Hain's analogous product.  In fact, the products sit right next to each other on the same shelves in the

same aisles, as seen below, with Hain's "Organic Garden Veggie Straws" on the left, and Our Home's "Organic Garden Veggie Straws" on the right:



7.      Defendant's brazen infringement is highly likely to confuse consumers and threatens to destroy the enormous goodwill associated with Hain's brand. Defendant's actions constitute infringement of Hain's registered and unregistered marks and trade dress in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq.*; trademark and trade dress infringement and unfair competition under New Jersey law, N.J.S.A. § 56:4-1 *et seq.*; and common law trademark infringement and unfair competition.

## PARTIES

8.      Plaintiff The Hain Celestial Group, Inc. ("Hain") is a corporation organized under the laws of Delaware. It has a principal place of business located at 221 River Street, Hoboken, NJ 07030.

9.      On information and belief, Defendant Earthly Treats, Inc. d/b/a Our Home ("Defendant" or "Our Home") is a corporation organized under the laws of

3

Delaware, with a principal place of business at 712A Main Street, Boonton, New Jersey 07005.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. The Court has supplemental jurisdiction over Plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367(a).

11.     This Court has general personal jurisdiction over Defendant because, on information and belief, it is headquartered and has its principal place of business in this District. Defendant engages in systematic and continuous activity in the State of New Jersey and is thus "at home" in this district.

12.     This Court further has specific personal jurisdiction over Defendant because, on information and belief, it (a) acted to sell and market snack food products in a way that is likely to cause confusion among U.S. consumers in the State of New Jersey, either directly or through its subsidiaries, agents, or affiliates; and (b) has transacted business in the State of New Jersey, including by selling and marketing snack food products, either directly or through its subsidiaries, agents, or affiliates. Defendant has thus established sufficient minimum contacts with the State of New Jersey to be subject to personal jurisdiction in this District.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (c)(2) because Defendant is an entity with the capacity to be sued in its common name under applicable law and is subject to personal jurisdiction in this District.

14.    Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Hain's claims occurred in this District. For example, on information and belief, Defendant directly or indirectly advertised, distributed, and sold the infringing products at issue within this District. In addition, Hain maintains a principal place of business in this District, and witnesses and documents related to this litigation are located in this District.

## STATEMENT OF FACTS

### I.    HAIN'S REPUTATION FOR EXCELLENCE AND INNOVATION.

15.    Hain was founded in 1993 with the purpose of inspiring healthier living for people, communities, and the planet. For more than 30 years, Hain has been a global leader in health and wellness products, including snacks, baby & kids' foods, beverages, meal preparation, and personal care, which are marketed and sold in over 70 countries around the world.

16.    Hain has a long history in the snack food industry of selling delicious, high quality, and innovative products to consumers under a variety of well-loved names and marks. Its portfolio of snack brands includes GARDEN VEGGIE™ Snacks (including the flagship product GARDEN VEGGIE STRAWS®), TERRA®

Chips, GARDEN OF EATIN'® Snacks, HARTLEY'S® Jelly, and EARTH'S BEST® and ELLA'S KITCHEN® baby and kids' foods.

17.    Hain was one of the first snack food companies to introduce the idea of ingredient-focused, better-for-you snacks to the snack food market. Hain's introduction of snacks like Pita Bites, Multi Grain Crisps, and GARDEN VEGGIE STRAWS® helped set off the now-ubiquitous trend of "better-for-you" snacking, and Hain's brands continue to receive top consumer recognition in the category year after year. Thanks to Hain's devotion to quality and careful positioning of its products in the wider snack food market, it has acquired a reputation for excellence.

**A.    Hain's GARDEN VEGGIE STRAWS®.**

18.    One of Hain's flagship products is GARDEN VEGGIE STRAWS®— a line of tubular chips with a hollow center and unique texture, made from a combination of potato flour and other vegetable powders.

19.    GARDEN VEGGIE STRAWS® is an invented term that is a clever play on the words "garden", "veggie" and "straws" and therefore is inherently distinctive when used in connection with snack products.

20.    In 2010, Hain acquired the GARDEN VEGGIE STRAWS® brand and all the associated goodwill of the business. Since that time, Hain has continued to distribute, advertise, market and sell GARDEN VEGGIE STRAWS® brand snacks and has expanded the product line to include a variety of different flavors including

Sea Salt, Zesty Ranch, Screamin' Hot®, BBQ, Cheddar Cheese, Sour Cream & Onion, and Cinnamon Apple.

21.    In recognition of its exclusive rights, Hain is the owner of U.S. Reg. No. 3,947,081 for GARDEN VEGGIE STRAWS® for vegetable-based snack foods (the "GVS Mark"). The GVS Mark registration is valid and subsisting, and has become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the GVS Mark registration certificate, as well as information related to the ownership, character, and prosecution history of the mark, as those materials appear on the Patent and Trademark Office website, are attached hereto as **Exhibit 1**.

**B.    The GARDEN VEGGIE STRAWS® Trade Dress.**

22.    Since at least as early as 2013 and long prior to Defendant's infringing acts, Hain's GARDEN VEGGIE STRAWS® have been sold in the distinctive packaging shown below that prominently features the brand name GARDEN VEGGIE STRAWS® in red and green font (the "GVS Trade Dress"):



23.    As seen above, the elements of the GVS Trade Dress comprise a distinctive combination of elements including: (a) the words "GARDEN VEGGIE" in large, curved red font on the upper half of the package; (b) the letter "V" enlarged against a white background; (c) the word "Straws" appearing directly below the word "Veggie" in a smaller font size; (d) the flavor name appearing in a white, arched font on a contrasting background above an image showing the contents of the package; (e) a circular logo in the upper left corner of the package in a contrasting font on a white background within a green circle; (f) a photographed image of orange, yellow, and green snack tubes on the bottom half of the package arranged vertically like a bouquet; and (g) all bordered on the left and right with green convex shapes.

24.    As described further below, the GVS Trade Dress is inherently distinctive and non-functional and has come to be associated exclusively with a single source, *i.e.*, Hain.

25.    Each flavor variety of GARDEN VEGGIE STRAWS® boasts a similar look and feel as the GVS Trade Dress to reinforce to consumers that all flavors sold under the GVS Mark belong to the same source. For example, the Zesty Ranch flavor of GARDEN VEGGIE STRAWS® mimics the original GVS Trade Dress, with minor changes to indicate a different flavored product—a blue rather than green border, and blue rather than green banner outlining the flavor designation on the center of the bag. The cheddar cheese flavor uses the same design elements but with a yellow color theme, and so on.



### C. Hain's Expansion of Its Snack Offerings Under the GARDEN VEGGIE™ Mark.

26.     Hain's GARDEN VEGGIE STRAWS® brand snacks represented only the first in a long line of "Garden Veggie" products. Since at least as early as 2009, and long prior to the infringing actions of Defendant, Hain expanded its line of better-for-you snacks using the mark GARDEN VEGGIE™ as the house brand for a family of products including GARDEN VEGGIE™ Chips and GARDEN VEGGIE™ Crisps, among others. Since at least 2014, Hain has collectively marketed this line as GARDEN VEGGIE™ Snacks.

27.     All of these products—including GARDEN VEGGIE™ Chips, GARDEN VEGGIE™ Puffs, and seasonal offerings such as GARDEN VEGGIE™ Chips Ghosts and Bats (for Halloween)—are sold and marketed under the GARDEN VEGGIE™ mark and utilize similar distinctive trade dress as GARDEN VEGGIE STRAWS® with slight variations to denote the different snack variety or flavor.



28.    GARDEN VEGGIE™ Snacks are currently featured online at the domain gardenveggiesnacks.com, where Hain displays all of its GARDEN VEGGIE™ products alongside images of their packaging. In press releases and public statements, GARDEN VEGGIE™ currently appears alongside a ™ mark.[1]

---

[1] *E.g.*, *Hain Celestial Ushers in a Healthier Start to the Year with Better-For-You, Convenient Options*, The Hain Celestial Group, Inc. (Jan. 7, 2025), https://ir.hain.com/news-releases/news-release-details/hain-celestial-ushers-healthier-start-year-better-you-convenient; *Hain Celestial Announces Fourth Quarter 2023 Results Conference Call and Webcast*, The Hain Celestial Group, Inc. (Aug. 10, 2023), https://ir.hain.com/news-releases/news-release-details/hain-celestial-announces-fourth-quarter-2023-results-conference.

**D.    Hain's Kids Organic Garden Veggie Straws.**

29.    As part of its strategy to expand the appeal of its GARDEN VEGGIE

STRAWS® and GARDEN VEGGIE™ brands, Hain has sold an organic version of

GARDEN VEGGIE STRAWS® specifically formulated for children ages two and

up through Hain's "birth to backpack" EARTH'S BEST® label (the "Kids Organic

Garden Veggie Straws").

30.    Since at least as early as 2019, Hain's Kids Organic Garden Veggie

Straws has been sold in distinctive green and white packaging that highlights the

GARDEN VEGGIE STRAWS® mark along with co-branding of Sesame Street

characters:



31.    Hain's packaging for the Kids Organic Garden Veggie Straws product

includes a distinctive combination of features including (a) a green and white

background; (b) the GARDEN VEGGIE STRAWS® mark in large all-caps text across the front of the package, written in a cartoon-like font, as if a child wrote the words in marker; (c) an all-caps "Organic" label above the GARDEN VEGGIE STRAWS® mark; (d) a photographed image of six yellow, orange, and green snack straws arranged in a pile as if lying down on an invisible flat surface; (e) a picture of tomatoes, a potato, and spinach; (f) the flavor designation ("Original") in a contrasting colored rectangle in the bottom half of the packaging; and (g) a circular logo above the GARDEN VEGGIE STRAWS® mark (hereinafter the "Kids Organic Garden Veggie Straws Trade Dress").

32.    As described further below, the Kids Organic Garden Veggie Straws Trade Dress is inherently distinctive and non-functional and has come to be associated exclusively with a single source, *i.e.*, Hain.

33.    As it has with all its snacks, Hain has worked scrupulously to ensure its Kids Organic Garden Veggie Straws maintain the quality and taste that its buyers expect. Among other things, Hain takes care to source and use high-quality organic ingredients.

34.    Hain's GARDEN VEGGIE STRAWS®, GARDEN VEGGIE™ Snacks, and Kids Organic Garden Veggie Straws are always made with premium ingredients and colors from natural sources, and with no artificial flavors or artificial preservatives.

13

## II.     HAIN TAKES TREMENDOUS CARE IN CULTIVATING ITS BRAND.

35.     Hain's GARDEN VEGGIE STRAWS®, Kids Organic Garden Veggie Straws and GARDEN VEGGIE™ Snacks have become instantly recognizable to consumers across the country, known both by their strong marks and distinctive trade dresses. For each and every GARDEN VEGGIE™ product, Hain carefully curates the look and feel of the packaging and associated marketing so that consumers know to expect the high quality and taste that Hain has provided for two decades.

36.     Hain, by itself and through its predecessor, has invested extensively in advertising to promote its GARDEN VEGGIE STRAWS®, Kids Organic Garden Veggie Straws, and GARDEN VEGGIE™ Snacks as high quality, better-for-you snack options that are also fun for kids. These widespread marketing activities have included in-store promotions, sponsorships, and advertisements in various media including print, online, and social media.

37.     In the years following its launch, GARDEN VEGGE STRAWS® was discussed in national publications, endorsed by celebrity athletes, adopted as the official snack of nine Broadway theaters, and shared via word of mouth on food blogs and forums.  Hain also collaborated with DreamWorks Animation, the studio behind the animated film *Trolls*, to release a special edition of the GARDEN

VEGGIE STRAWS® packaging that linked GARDEN VEGGIE STRAWS® with

a playful "family entertainment property and pop culture appeal."[2]



38.     Hain has taken the same care in its distribution and marketing of its

Kids Organic Garden Veggie Straws product. For example, in 2025 Hain released a

limited-edition Kids Organic Garden Veggie Straws featuring a redesigned, Easter-

themed package.

---

[2] The Hain Celestial Group, Inc., *Sensible Portions® Announces Animated Movie Collaboration With DreamWorks Animation's "Trolls"*, PR Newswire (Oct. 6, 2016), https://www.prnewswire.com/news-releases/sensible-portions-announces-animated-movie-collaboration-with-dreamworks-animations-trolls-300339676.html



39.     Hain partnered with Walmart and Target to sell the limited-edition product in stores across the United States, often prominently displayed on aisle endcaps.



40.    In its extensive marketing, Hain has emphasized the taste, fun, and kid-friendliness of its entire line of GARDEN VEGGIE™ Snacks.[3]

---

[3] *See, e.g.*, *Garden Veggie™ Snacks Introduces Two Bold New Varieties of its Flavor Burst™ Tortilla Chips*, The Hain Celestial Group, Inc. (March 11, 2025), https://ir.hain.com/news-releases/news-release-details/garden-veggietm-snacks-introduces-two-bold-new-varieties-its; *Hain Celestial Spices Up Your Fall Pantry with Seasonal, Better-For-You Snacks and Sips*, The Hain Celestial Group, Inc. (Sept. 11, 2024), https://ir.hain.com/news-releases/news-release-details/hain-celestial-spices-your-fall-pantry-seasonal-better-you; *Garden Veggie Snacks™ Sparks Imagination and Fun in New "YUMbelievably Delicious" Campaign*, The Hain Celestial Group, Inc. (Aug. 13, 2024), https://ir.hain.com/news-releases/news-release-details/garden-veggie-snackstm-sparks-imagination-and-fun-new; *From the*



41. Consumers have come to associate the GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ brands and their associated trade dresses with Hain and its reputation for selling better-for-you products that taste good. The GARDEN VEGGIE™ and GARDEN VEGGIE STRAWS® marks, as well as the distinctive packaging of the products bearing those marks—including the GVS Trade Dress and the Kids Organic Garden Veggie Straws Trade Dress—take center stage in all of Hain's diverse and multi-channel marketing:

---

*Breakfast Table to Snacks On-the-Go, Hain Celestial Provides Delicious, Better-For-You Essentials for Back to School*, The Hain Celestial Group, Inc. (July 31, 2024), https://ir.hain.com/news-releases/news-release-details/breakfast-table-snacks-go-hain-celestial-provides-delicious.











42. Hain takes utmost care to curate the ways consumers encounter Hain's marks and trade dresses. On-the-go families and quality-conscious snackers' busy lifestyles mean that they rely on distinctive branding and flavor cues to identify the right products for them and their loved ones. Understanding this, Hain works tirelessly to ensure that its brand is associated with the *right* kind of attention, for example, by strategically introducing products to retailers.[4]

---

[4] *See, e.g.*, *Hain Celestial Expands Reach of Better-For-You Snacks to Dollar General*, The Hain Celestial Group, Inc. (Apr. 2, 2025), https://ir.hain.com/news-releases/news-release-details/hain-celestial-expands-reach-better-you-snacks-dollar-general (describing recent introduction of GARDEN VEGGIE STRAWS® to Dollar General as part of a mission-driven strategy to make "healthier living more attainable").

43.     Hain's promotional activities consistently have focused the attention of consumers on the brands GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™, as well as the distinctive GVS Trade Dress and Kids Organic Garden Veggie Straws Trade Dress, to identify Hain as the source of the products. As a result of both these efforts and the inherently distinctive nature of each mark and trade dress, each mark and trade dress has become a strong source identifier that is closely associated with a single source, *i.e.*, Hain. Additional representative examples of advertising and promotional materials are attached hereto as **Exhibit 2**.

44.     Advertisements and marketing campaigns featuring GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ Snacks have reached tens of millions of consumers in the last four or five years alone, and around 18 million just in the last year.

45.     Hain's marketing efforts have been wildly successful. The entire family of GARDEN VEGGIE™ Snacks including GARDEN VEGGIE STRAWS® and Kids Organic Garden Veggie Straws capture one the largest shares of the better-for-you snacks market. GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ Snacks—including the Kids Organic Garden Veggie Straws—have performed exceptionally well year after year, accumulating over $300M in retail sales in 2024.

46.     As a result of the above-referenced advertising, promotion and sales, as well as the quality of its products, Hain's GARDEN VEGGIE™ line of snacks and

the GVS Trade Dress and Kids Organic Garden Veggie Straws Trade Dress have become strong and well-known source identifiers throughout the United States, and represent substantial and valuable goodwill belonging exclusively to Hain.

## III.   DEFENDANT'S INFRINGEMENT OF HAIN'S MARKS AND TRADE DRESSES.

### A.   Defendant's Initial Snack Offerings.

47.    On information and belief, Defendant produces and sells a competitive line of health-oriented snack products under various assumed names including "Our Home," "Good Health," and "From the Ground Up."

48.    Many years after GARDEN VEGGIE STRAWS® were first sold, Defendant introduced a competing "Veggie Straws" snack product through its "Good Health" brand. As shown below, Good Health's packaging used a markedly different font and graphic formatting than Hain's, displayed the "straws" in a substantially different way, and most importantly, did not use Hain's registered, well-known GARDEN VEGGIE STRAWS® or GARDEN VEGGIE™ marks.



49.    For many years, Defendant also marketed and sold another line of veggie-based and puffed snacks under its "From the Ground Up" house brand. These products included cauliflower potato chips and cauliflower crackers, butternut squash pretzels, veggie stalks, and tortilla chips. Once again, these products were sold in packaging that was readily distinguishable from Hain's GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ Snacks and their associated trade dresses:

 

**B.    Defendant's Infringing "From The Ground Up" Veggie Straws Product.**

50.    Though Our Home's earlier products had distinct packaging designs, Defendant recently changed course and embarked on an intentional strategy to compete unfairly with Hain by directly mimicking and trading on the name and appearance of Hain products sold under the GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ marks.

51.    Hain first learned of Defendant's illegal strategy several months ago when it discovered that Defendant had released a redesigned "Veggie Straws" product in Costco stores that it used to directly target Hain's GARDEN VEGGIE STRAWS® product also sold at Costco (the "Accused Product"). Defendant's new packaging for the Accused Product dramatically departed from the existing yellow

packaging for its "From the Ground Up" products in order to copy the distinctive appearance of the GVS Trade Dress, as shown below (hereinafter the "Accused Trade Dress"):



52.     The Accused Trade Dress copied nearly every distinctive aspect of the GVS Trade Dress: (a) the word "VEGGIE" in large, reddish font on the upper half of the package with the letter "V" enlarged against a white background; (b) the word "STRAWS" appearing directly below the word "VEGGIE" in a smaller font; (d) the product variation (here, "Avocado Oil") appearing in an arched font above an image showing the contents of the package; (e) a logo in the upper left corner of the package; and (f) an image of orange, yellow, and green straw-shaped snacks on the

bottom half of the package. Additional photographs of the Accused Trade Dress are attached hereto as **Exhibit 3**.



53.    Upon learning of this product, Hain promptly sent Defendant a cease-and-desist letter notifying it that the product infringed Hain's longstanding GVS Trade Dress and alerting Defendant that Hain owned an incontestable registration for the GVS Mark.

54.    In response, Defendant denied that the Accused Trade Dress was infringing and purported to challenge Hain's rights in the GARDEN VEGGIE STRAWS® mark and the term "Veggie Straws" standing alone, additionally leveling baseless allegations of fraud. In staking out this position, Defendant expressly assured Hain that "Our Home **does not use the term GARDEN VEGGIE**

STRAWS" (emphasis added)—effectively acknowledging that any such use of the full GARDEN VEGGIE STRAWS® mark would violate Hain's rights.

55.    Defendant's assurances proved to be false—and knowingly so.

**C.    Defendant's Release of an Infringing Kids "Garden Veggie Straws" Product.**

56.    Within a matter of a few weeks, and without any prior notice to Hain, Defendant launched a new product under a "Kids" label in Walmart stores using an exact replica of Hain's registered GARDEN VEGGIE STRAWS® mark and mimicking the distinctive Kids Organic Garden Veggie Straws Trade Dress (the "Accused GVS Product"):

 

57.    There is nothing subtle about Defendant's actions:  with full knowledge of Hain's prior rights and its registration for GARDEN VEGGIE STRAWS®,

Defendant simply affixed an exact replica of Hain's beloved and popular brand to the front of its directly competitive product in brazen disregard of Hain's rights.

58.    Defendant's Accused GVS Product also incorporates the distinctive and non-functional combination of elements of the Kids Organic Garden Veggie Straws Trade Dress including (a) the words GARDEN VEGGIE STRAWS in large text across the front of the package, right below an "Organic" label; (b) the name "GARDEN VEGGIE STRAWS" drawn in a cartoon-like font; (c) a photographed image of a pile of "straws" that copies the exact number, design and configuration of the tubes on Hain's package; (d) images of potatoes, tomatoes and spinach; (e) the flavor designation ("Original") in a rectangle in the bottom half of the package; and (f) a circular logo above the GARDEN VEGGIE STRAWS mark (the "Accused Kids GVS Trade Dress"). Additional photographs of the Accused GVS Product are attached hereto as **Exhibit 4**.

59.    Defendant's Accused GVS Product and Hain's Kids Organic Garden Veggie Straws Product are being sold directly adjacent to each other on the same shelves in retail stores:







60. In addition, when a Google user searches for "organic garden veggie straws," the Accused GVS Product and Hain's Kids Organic Garden Veggie Straws Product now show up together side by side in the search results:



31

### D.    Defendant's Bad Faith.

61.    Defendant is targeting various products within Hain's product line through increasingly brazen efforts to copy not only the brand name of Hain's products but also the distinctive "look and feel" of the packaging, even using design elements and font styles that are substantially similar to the designs used by Hain for years.

62.    Defendant's Accused Product and Accused GVS Product (together, the "Accused Products") directly compete with and are marketed and sold to the same prospective consumers as Hain's products, are sold through the same channels of trade, and are sold and/or presented to consumers in direct proximity to each other—in many cases the products are side by side on the same store shelf. These factors are highly likely to lead consumers to believe mistakenly that the products are related or that Hain has sponsored, approved, licensed, or otherwise endorsed the Accused Products.

63.    Defendant is well aware of the success and reputation of Hain's GARDEN VEGGIE STRAWS® and GARDEN VEGGIE™ product lines and their distinctive packaging.

64.    On information and belief, Defendant knew that the Accused Products would cause substantial confusion among consumers and intended to cause such confusion to trade on Hain's goodwill, arduously developed over two decades.

65.     Given that the Accused Products incorporate an exact replica of Hain's registered mark and the distinctive, non-functional features comprising the GVS Trade Dress and Kids Organic Garden Veggie Straws Trade Dress, the marketing and sale of the competitive Accused Products are highly likely to cause confusion as to the source, sponsorship, origin, and affiliation of the parties' respective products; including, without limitation, by causing prospective purchasers of the products to mistakenly believe that the Accused Products are authorized by Hain.

## COUNT ONE FOR RELIEF

### Trademark Infringement
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

66.     Plaintiff incorporates by reference the above allegations as fully set forth herein.

67.     Plaintiff owns an incontestable mark in GARDEN VEGGIE STRAWS® (U.S. Reg. No. 3,947,081). Separate and apart from Plaintiff's incontestable federal registration of the GVS Mark, the GVS Mark is valid, enforced, used actively in commerce, is inherently distinctive, and has acquired secondary meaning.

68.     Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

69.    Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the GVS Mark.

70.    On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith. Defendant had actual knowledge of Plaintiff's incontestable federal trademark registration for GARDEN VEGGIE STRAWS®, and expressly represented to Plaintiff that it did not use the GVS Mark.

71.    Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the GVS Mark. This damage cannot be adequately calculated or compensated in money damages alone.

72.    Due to Defendant's violations of the Lanham Act, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GVS Mark constitutes a violation of 15 U.S.C. § 1114(1); reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment of the Court.

## <u>COUNT TWO FOR RELIEF</u>

### Trademark Infringement
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

73.    Plaintiff incorporates by reference the above allegations as fully set forth herein.

74.    Plaintiff owns the GARDEN VEGGIE STRAWS™ common law mark from continuous and exclusive use in nationwide commerce in connection with GARDEN VEGGIE STRAWS™ products for many years past and long before any of the accused uses here. The GARDEN VEGGIE STRAWS™ mark is valid, enforced, used actively in commerce, and has acquired distinctiveness.

75.    Plaintiff has used the GARDEN VEGGIE STRAWS™ mark in commerce across the entire United States; its use has not been confined to any limited geographic area.

76.    Plaintiff's use of the GARDEN VEGGIE STRAWS™ mark predates any use of the mark by Defendant, the first time of which was in connection to the Accused GVS Product.

77.    Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

78.    Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the GARDEN VEGGIE STRAWS™ mark.

79.    On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

80.    Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the GARDEN VEGGIE STRAWS™ mark. This damage cannot be adequately calculated or compensated in money damages alone.

81.    Due to Defendant's violations of the Lanham Act, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GARDEN VEGGIE STRAWS™ mark constitutes a violation of 15 U.S.C. § 1114(1); reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

## COUNT THREE FOR RELIEF

### Trademark Infringement
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

82.   Plaintiff incorporates by reference the above allegations as fully set forth herein.

83.   Plaintiff owns the GARDEN VEGGIE™ mark from continuous and exclusive use in nationwide commerce in connection with a variety of GARDEN VEGGIE™ products since at least 2014. The GARDEN VEGGIE™ mark is valid, enforced, used actively in commerce, and has acquired distinctiveness.

84.   Plaintiff's use of the GARDEN VEGGIE™ mark predates any use of the mark by Defendant, the first time of which was in connection to the Accused GVS Product.

85.   Plaintiff has used the GARDEN VEGGIE™ mark in commerce across the entire United States; its use has not been confined to any limited geographic area.

86.   Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

87.   Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and

commercial advantage by trading on the name and reputation of the GARDEN VEGGIE™ mark.

88.    On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

89.    Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the GARDEN VEGGIE™ mark. This damage cannot be adequately calculated or compensated in money damages alone.

90.    Due to Defendant's violations of the Lanham Act, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GARDEN VEGGIE™ mark constitutes a violation of 15 U.S.C. § 1114(1); reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to its certify continued compliance with the judgment with the Court.

## <u>COUNT FOUR FOR RELIEF</u>

### Common Law Trademark Infringement and Unfair Competition

91.    Plaintiff incorporates by reference the above allegations as fully set forth herein.

92.    Plaintiff owns common law trademark rights in the GARDEN VEGGIE™ mark from continuous and exclusive use of these marks in commerce in connection with a variety of GARDEN VEGGIE™ products since at least 2014. The GARDEN VEGGIE™ mark is valid, enforced, used actively in commerce, and has acquired distinctiveness.

93.    Plaintiff's use of the GARDEN VEGGIE™ mark predates any use of the mark by Defendant, the first time of which was in connection to Accused GVS Product.

94.    Plaintiff has used the GARDEN VEGGIE™ mark in commerce across the entire United States, including in New Jersey; its use has not been confined to any limited geographic area.

95.    Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

96.     Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the GARDEN VEGGIE™ mark.

97.     On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

98.     Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the GARDEN VEGGIE™ mark. This damage cannot be adequately calculated or compensated in money damages alone.

99.     Due to Defendant's unfair competition, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GARDEN VEGGIE™ mark is unlawful; reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

## <u>COUNT FIVE FOR RELIEF</u>

### Trade Dress Infringement of the GVS Trade Dress
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

100.   Plaintiff incorporates by reference the above allegations as fully set forth herein.

101.   Plaintiff owns trade dress rights in the GVS Trade Dress from continuous and exclusive use in commerce since at least 2013.

102.   The GVS Trade Dress is non-functional and has acquired secondary meaning.

103.   Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

104.   Through its advertising and sale of the Accused Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the GVS Trade Dress.

105.   On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

106.   Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further

infringing the GVS Trade Dress. This damage cannot be adequately calculated or compensated in money damages alone.

107.   Due to Defendant's violations of the Lanham Act, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GVS Trade Dress constitutes a violation of 15 U.S.C. § 1125(a); reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

## COUNT SIX FOR RELIEF

### Common Law Trade Dress Infringement and Unfair Competition

108.   Plaintiff incorporates by reference the above allegations as fully set forth herein.

109.   Plaintiff owns trade dress rights in the GVS Trade Dress from continuous and exclusive use in commerce since at least 2013.

110.   The GVS Trade Dress is non-functional and has acquired secondary meaning.

111. Plaintiff's use of the GVS Trade Dress predates any use of the trade dress by Defendant, the first time of which was in connection to the Accused Product.

112. Plaintiff has used the GVS Trade Dress in commerce across the entire United States, including in New Jersey; its use has not been confined to any limited geographic area.

113. Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

114. Through its advertising and sale of the Accused Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the GVS Trade Dress.

115. On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

116. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the GVS Trade Dress. This damage cannot be adequately calculated or compensated in money damages alone.

117.    Due to Defendant's unfair competition, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the GVS Trade Dress is unlawful; reasonable attorneys' fees, costs; pre-judgment and post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

## COUNT SEVEN FOR RELIEF

### Trade Dress Infringement of the
### Kids Organic Garden Veggie Straws Trade Dress
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

118.    Plaintiff incorporates by reference the above allegations as fully set forth herein.

119.    Plaintiff owns valid trade dress rights in the Kids Organic Garden Veggie Straws Trade Dress from continuous and exclusive use in commerce since at least 2019.

120.    The Kids Organic Garden Veggie Straws Trade Dress is non-functional and has acquired secondary meaning in the marketplace.

121.    Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in

commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

122. Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the Kids Organic Garden Veggie Straws Trade Dress.

123. On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

124. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the Kids Organic Garden Veggie Straws Trade Dress. This damage cannot be adequately calculated or compensated in money damages alone.

125. Due to Defendant's violations of the Lanham Act, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the Kids Organic Garden Veggie Straws Trade Dress constitutes a violation of 15 U.S.C. § 1125(a); reasonable attorneys' fees, costs; pre-judgment and post judgment interest;

and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

### COUNT EIGHT FOR RELIEF

**Common Law Trade Dress Infringement and Unfair Competition**

126.   Plaintiff incorporates by reference the above allegations as fully set forth herein.

127.   Plaintiff owns trade dress rights in the Kids Organic Garden Veggie Straws Trade Dress from continuous and exclusive use in commerce since at least 2019.

128.   The Kids Organic Garden Veggie Straws Trade Dress is non-functional and has acquired secondary meaning.

129.   Plaintiff's use of the Kids Organic Garden Veggie Straws Trade Dress predates any use of the trade dress by Defendant, the first time of which was in connection to the Accused GVS Product.

130.   Plaintiff has used the Kids Organic Garden Veggie Straws Trade Dress in commerce across the entire United States, including in New Jersey; its use has not been confined to any limited geographic area.

131.   Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in

commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products.

132.   Through its advertising and sale of the Accused GVS Product, Defendant has unfairly misappropriated Plaintiff's substantial goodwill and commercial advantage by trading on the name and reputation of the Kids Organic Garden Veggie Straws Trade Dress.

133.   On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

134.   Plaintiff has no adequate remedy at law. Defendant's conduct has caused and will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill if it is not enjoined from further infringing the Kids Organic Garden Veggie Straws Trade Dress. This damage cannot be adequately calculated or compensated in money damages alone.

135.   Due to Defendant's unfair competition, Plaintiff is entitled to ongoing and future injunctive relief; seizure, impoundment, and destruction of the infringing products; actual and compensatory damages in an amount to be determined at trial; an accounting and disgorgement of Defendant's unlawful proceeds from its infringement; a declaration that Defendant's use of the Kids Organic Garden Veggie Straws Trade Dress is unlawful; reasonable attorneys' fees, costs; pre-judgment and

post judgment interest; and entry of an order requiring Defendant to certify its continued compliance with the judgment with the Court.

## COUNT NINE FOR RELIEF

**Trade Dress Infringement and Unfair Competition**
**N.J.S.A. § 56:4-1 et seq.**

136. Plaintiff incorporates by reference the above allegations as fully set forth herein.

137. Section 56:4-1 of the New Jersey unfair competition law provides, "No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." Infringement under the New Jersey unfair competition law tracks the elements under the Lanham Act.

138. An adjacent provision of the New Jersey unfair competition law entitles a trademark owner to an injunction against practices violating the provisions of Section 56:4-1. N.J.S.A. § 56:4-2.

139. Plaintiff owns common law rights in the GVS Trade Dress from continuous and exclusive use since 2013.

140. The GVS Trade Dress is non-functional and has acquired secondary meaning.

141. The packaging of Defendant's Accused Product is confusingly similar to the GVS Trade Dress.

142. Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products in violation of the New Jersey unfair competition law.

143.    Due to Defendant's violations of the New Jersey unfair competition law, Plaintiff is entitled to ongoing and future injunctive relief under N.J.S.A. § 56:4-2; actual and compensatory damages in an amount to be determined at trial; and a trebling of monetary damages due to Defendant's bad faith under N.J.S.A. § 56:4-2.

## <u>COUNT TEN FOR RELIEF</u>

### Trademark and Trade Dress Infringement and Unfair Competition
### N.J.S.A. § 56:4-1 et seq.

144. Plaintiff incorporates by reference the above allegations as fully set forth herein.

145. Plaintiff owns common law trade dress rights in the Kids Organic Garden Veggie Straws Trade Dress from continuous and exclusive use since 2019, which is non-functional and has acquired secondary meaning.

146. Section 56:4-1 of the New Jersey unfair competition law provides, "No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such

merchant, firm or corporation deals." Infringement under the New Jersey unfair competition law tracks the elements under the Lanham Act.

147.    An adjacent provision of the New Jersey unfair competition law entitles a trademark owner to an injunction against practices violating the provisions of Section 56:4-1. N.J.S.A. § 56:4-2

148.    Plaintiff owns an incontestable federal trademark registration in the GVS Mark.

149.    Plaintiff owns a common law trademark in the GARDEN VEGGIE STRAWS™ and GARDEN VEGGIE™ marks from continuous and exclusive use for many years.

150.    The packaging of Defendant's Accused GVS Product bears Plaintiff's exact GVS Mark, GARDEN VEGGIE™ mark, and is confusingly similar to the Kids Organic Garden Veggie Straws Trade Dress.

151.    Defendant's unauthorized advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused GVS Product in commerce is likely to cause confusion among purchasers as to the source, sponsorship, affiliation, or endorsement of the products in violation of the New Jersey unfair competition law.

152.    On information and belief, Defendant's unfair competition was willful, deliberate, and done in bad faith.

153.    Due to Defendant's violations of the New Jersey unfair competition law, Plaintiff is entitled to ongoing and future injunctive relief under N.J.S.A. § 56:4-2; actual and compensatory damages in an amount to be determined at trial; and a trebling of monetary damages due to Defendant's bad faith under N.J.S.A. § 56:4-2.

## DEMAND FOR JURY TRIAL

154.    Plaintiff hereby demands a jury trial as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For a declaration that Defendant's activities as alleged herein constitute violations of 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), New Jersey Revised Statutes §§ 56:3 and 56:4, and federal and state common law;

2.    For such equitable relief under Titles 15 and 28, and this Court's inherent equitable powers as is necessary to prevent or restrain Defendant's further violations of Title 15, including a permanent injunction prohibiting Defendant, and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be permanently restrained and enjoined, pursuant to 15 U.S.C. §§ 1116, 1125(c) and this Court's inherent authority, and New Jersey law, from:

a. Directly or indirectly infringing Plaintiff's GVS Mark, GARDEN VEGGIE STRAWS™ or GARDEN VEGGIE™ common law marks, GVS Trade Dress, or Kids Organic Garden Veggie Straws Trade Dress, or using any mark or trade dress that is confusingly similar thereto in any manner, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale any products that infringe or bear such trademarks or trade dress;

b. Manufacturing, producing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any products that copy, reproduce, or bear any colorable imitations of Plaintiff's GVS Mark, GARDEN VEGGIE STRAWS™ or GARDEN VEGGIE™ common law marks, GVS Trade Dress, or Kids Organic Garden Veggie Straws Trade Dress, or any mark or trade dress that is confusingly similar thereto; and

c. Doing any other act or thing that is likely to cause persons to believe that Defendant's goods or commercial activities originate with, or are licensed, sponsored, or authorized by Plaintiff;

3. For entry of an order, pursuant to 15 U.S.C. § 1116 and this Court's inherent equitable authority, requiring Defendant to file with the Court and to serve on counsel for Plaintiff, within 30 days after the entry of judgment herein, a written

report under oath setting forth in detail the manner in which Defendant has complied with the injunction ordered by the Court;

4.    For entry of an order, pursuant to 15 U.S.C. § 1118 and this Court's inherent equitable authority, requiring Defendant to deliver up to the Court for destruction or other disposition all inventory of the infringing products; all labels, signs, prints, packages, wrappers, receptacles, advertisements, and promotional materials depicting or marketing the infringing products; and all plates, molds, matrices, electronic files, and other means of making the same;

5.    For entry of an order requiring Defendant to undertake an accounting of all its profits from the sales of its infringing products, and that the Court impose a constructive trust concerning the same;

6.    For entry of an order, pursuant to 15 U.S.C. § 1117(a) and New Jersey law and this Court's inherent equitable authority, to pay to Plaintiff all of its profits from the sale of its infringing products, and that such profits be enhanced on the basis of Defendant's willful infringement of Plaintiff's GVS Mark, GARDEN VEGGIE STRAWS™ and GARDEN VEGGIE™ common law marks, GVS Trade Dress, and Kids Organic Garden Veggie Straws Trade Dress;

7.    For entry of an order, pursuant to 15 U.S.C. § 1117(a) and New Jersey law and this Court's inherent equitable authority, requiring Defendant to pay to Plaintiff all damages sustained by Plaintiff as a result of Defendant's infringement

of Plaintiff's GVS Mark, GARDEN VEGGIE STRAWS™ and GARDEN VEGGIE™ marks, GVS Trade Dress, and Kids Organic Garden Veggie Straws Trade Dress;

8.    For entry of an order requiring Defendant to pay Plaintiff's costs and attorneys' fees to the full extent permitted by law, including under 15 U.S.C. § 1125;

9.    For pre-judgment and post-judgment interest; and

10.    For such other and further relief as the Court may deem just and proper.

Dated:  May 14, 2025

Respectfully submitted,

*/s/ Rebekah Conroy*

Rebekah Conroy
STONE CONROY LLC
25A Hanover Road, Suite 301
Florham Park, New Jersey 07932
(973) 400-4181
rconroy@stoneconroy.com

*Of Counsel:*
Susan J. Kohlmann (*pro hac vice* forthcoming)
Gianni P. Servodidio (*pro hac vice* forthcoming)
Cayman C. Mitchell (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
Fax: (212) 891-1699
skohlmann@jenner.com
gservodidio@jenner.com
cmitchell@jenner.com

*Attorneys for Plaintiff The Hain Celestial Group, Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2, Plaintiff, by its undersigned counsel, hereby certifies that the matter in controversy is not subject to any other action pending in any court, or any pending arbitration or administrative proceeding.

*/s/ Rebekah Conroy*
Rebekah Conroy

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1</u>

Pursuant to Local Civil Rule 201.1, Plaintiff, by its undersigned counsel, hereby certifies that this action seeks declaratory and injunctive relief, and therefore this action is not appropriate for compulsory arbitration.

*/s/ Rebekah Conroy*
Rebekah Conroy